UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA

In re                                              Case No. 08-11480-WRS
                                                   Chapter 7
ICAS, Inc.,

      Debtor.


WILLIAM C. CARN, III, as Trustee of
The Bankruptcy Estate of ICAS, Inc.,


      Plaintiff,                          Adv. Pro. No. 09-01008

VS.

WILLIE L. TANNER and CHRISTY
Y. TANNER,

      Defendants.


## MEMORANDUM DECISION

This motion comes before the Court on Trustee's Motion for Summary Judgment in an Adversary Proceeding which seeks to set aside as a preferential transfer a mortgage recorded within ninety days of debtor's filing for bankruptcy. Defendants, Willie L. Tanner and Christy Y. Tanner, oppose the motion and contend that albeit the mortgage was recorded within the 90-day pre-bankruptcy period the transfer was made outside of that period via an equitable mortgage.

## I.  FACTS

On April 20, 2007, ICAS purchased a piece of real property in Dale County from the Tanners who agreed to finance the purchase. The Promissory Note and Real Estate

Mortgage was prepared by the Tanners and executed by the shareholders of ICAS wherein ICAS agreed for the Tanners to have a mortgage on the property to secure the debt. On April 26, 2007, a warranty deed was executed conveying the subject property to ICAS who immediately went into possession and began paying its monthly mortgage payments to the Tanners. However, the deed and mortgage were not recorded until a year later on July 28, 2008, only after ICAS stopped making the mortgage payments and went into default on the Note. The record does not reflect a reason for the late recording of the mortgage.

On September 17, 2008, about fifty days after the deed and mortgage were recorded, ICAS filed for Chapter 7 bankruptcy protection. On October 24, 2008, the Tanners filed a Motion for Relief from the Automatic Stay in order to bring foreclosure proceedings to which the Trustee objected on the grounds that the mortgage was an avoidable preference. This Court denied the Tanners motion on November 21, 2008. In response, the Trustee initiated this Adversary Proceeding by filing a *Complaint for Recovery of Alleged Preferential Transfer*. (AP Doc. 1). The Trustee now moves the Court to grant summary judgment determining that the Tanners' recording of their mortgage within ninety days of the filing of ICAS's bankruptcy petition was an avoidable preferential transfer.

## II. LAW

This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(F). This Court has jurisdiction to hear this matter pursuant to 28 U.S.C. § 1334.

This Adversary Proceeding is before the Court on the Trustee's motion for summary judgment. Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any

2

Case 09-01008    Doc 23    Filed 09/28/09    Entered 09/28/09 14:44:33    Desc Main
Document      Page 2 of 5

material fact and that the moving party is entitled to judgment as a matter of law." Fed . R. Civ. P., 56(c) made applicable to Adversary Proceedings pursuant to Fed. R. Bank. P. 7056. "In making this determination, the court must view all evidence and make all reasonable inferences in favor of the party opposing summary judgment." Chapman v. AI Transp., 229 F.3d 1012, 1023 (11th Cir. 2000).

A "preference" is a transfer of a debtor's assets, during a specified pre-bankruptcy period, that unjustifiably favors the transferee over other creditors. See 4 Collier on Bankruptcy § 547.01 at 547-14 (15th ed.1996). Section 547(b) allows the trustee to avoid, as a preference: any transfer of an interest of the debtor in property-

> (1) to or for the benefit of a creditor;
> (2) for or on account of an antecedent debt owed by the debtor before such transfer was made;
> (3) made while the debtor was insolvent;
> (4) made-
> (A) on or within 90 days before the date of the filing of the petition; or
> ....
> (5) that enables such creditor to receive more than such creditor would receive if-
> (A) the case were a case under chapter 7 of this title;
> (B) the transfer had not been made; and
> (C) such creditor received payment of such debt to the extent provided by the provisions of this title.

11 U.S.C. § 547(b). "[T]he trustee has the burden of proving avoidability of a transfer under subsection (b) of this section[.]" Id. at § 547(g). Here the trustee has carried this burden by providing evidence as to all the elements proscribed by Section 547(b).

The giving of a mortgage constitutes a "transfer" within the meaning of Section 547. See 4 Collier on Bankruptcy ¶ 547.14 (15th ed.1982). The Bankruptcy Code provides that a transfer is complete when it is "perfected". Love v. Turlington, 733 F.2d 1562 (11th Cir.1984); 11 U.S.C. § 547(e)(2)(A)-(B). In the case at bar, the Tanners do not dispute that their mortgage

3

constituted a transfer of interest of the debtor in property when it was perfected on July 28, 2008. The recording of this mortgage was for the benefit of the Tanners in that it perfected their security interest in the subject property. At the time the mortgage was recorded ICAS still owed $119,908.48 under the Note to the Tanners, making the Tanners creditors of ICAS. The recording of the mortgage was "for or on account of an antecedent debt" because ICAS went into default on or about May or June 2008 and the Tanners did not record the mortgage securing that debt until July 28, 2008. For the purposes of Section 547, the debtor is presumed to have been insolvent ninety days immediately preceding the date of the bankruptcy petition. The Tanners do not dispute that ICAS was insolvent when their mortgage was recorded. The transfer occurred within ninety days of ICAS's filing for bankruptcy on September 17, 2008 because the mortgage bears a filing date of July 28, 2008. Had the Tanners perfect their security interest by recording the mortgage within the 30 days after the debtor received possession of the property and within the 90-day preference period their mortgage would not have been a preference under Section 547. See 11 U.S.C. 547(c)(3)(B).

The Tanners suggest that the interest of the debtor was not transferred when the mortgage was perfected on July 28, 2008, but rather sometime contemporaneously with the execution of the Note and Deed. They rely on the state law doctrine of equitable mortgage. "In order for an equitable mortgage to exist, it is essential that the mortgagor have a mortgageable interest in the property sought to be charged as security; that there be clear proof of the sum which it was to secure; that there be a definite debt, obligation or liability to be secured, due from the mortgagor to the mortgagee; and the intent of the parties to create a mortgage, lien or charge on property sufficiently described or identified to secure an obligation." Murphy v. Carrigan, 270 Ala. 87, 116 So.2d 568, 571 (1959).

In support of their position the Tanners cite to the case of <u>Hall v. Livesay</u>, 473 So. 2d 493 (Ala. 1985). Unfortunately for the Tanners the Supreme Court of Alabama found that no equitable mortgage was created in that case. The Tanners fail to distinguish the facts of their case from that of Hall nor do they proffer evidence as to the elements required to establish an equitable mortgage under Alabama Law. Thus this Court cannot find that an equitable mortgage was created at the time the real property in question was transferred to ICAS.

The Trustee has shown that the mortgage the Tanners recorded on July 28, 2008 satisfies all the elements required by Section 547. Consequently, this Court finds that the mortgage in question was a preference and is hereby AVOIDED.

Done this 28th day of September, 2009.

/s/ William R. Sawyer
United States Bankruptcy Judge

c: William W. Nichols, Attorney for Plaintiff
   Robert Hosea Brogden, Attorney for Defendants

5